NOT DESIGNATED FOR PUBLICATION

Nos. 118,191
118,192

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANK LEONARD ALSTON SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed September 14, 2018. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge, assigned.

PER CURIAM: Frank Leonard Alston Sr. contends the Shawnee County District Court erred in revoking his probation in two felony theft cases and ordering him to serve the prison sentences. We see no abuse of discretion on the district court's part given Alston's chronic refusal to report as directed during the probationary periods and, therefore, affirm.

1

In late 2014, Alston pleaded guilty to one count of theft charged as a felony because of his past convictions and was placed on probation. The State repeatedly moved to revoke the probation because Alston failed to report to his probation officer. The district court found Alston in violation of the terms of probation, imposed short jail stays, and extended the probation period. In early 2016, Alston was charged with another felony theft and pleaded no contest. Consistent with a plea agreement, the district court placed Alston on probation with an additional condition that he undergo inpatient drug treatment. The district court also continued Alston's probation in the 2014 case.

In October 2016, the State moved to revoke Alston's probation in both cases because he had again failed to report to his probation officer and did not complete an outpatient component of his required drug treatment. Based on evidence presented at the revocation hearing, the district court found Alston failed to report as directed. The district court declined to find a violation of the probation condition for drug treatment.

The district court reviewed Alston's criminal history of 48 convictions over about 30 years, mostly for thefts or similar property crimes, and his repeated failure to report to his probation officer during the course of these cases. The district court also noted that Alston has been less than diligent in pursuing required mental health and drug counseling in that time. Based on that review, the district court found that Alston's welfare would not be served by continuing him on probation. See K.S.A. 2017 Supp. 22-3716(c)(9)(A). The district court ordered Alston to serve the original sentence of 12 months in prison in the 2014 case consecutive to a reduced sentence of seven months in the 2016 case. Alston has appealed.

On appeal, Alston neither disputes the evidence supporting the probation violation nor the district court's determination that he could be required to serve the prison sentences under K.S.A. 2017 Supp. 22-3716(c)(9)(A). Rather, Alston argues the district court abused its discretion in refusing to continue him on probation.

2

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008). After a violation has been established, as Alston concedes here, the decision to continue probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or wholly unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158 (2014). Alston carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Alston does not contend the district court misunderstood the governing law or mistook the relevant facts. He says he demonstrated some progress toward rehabilitation, especially during the latter portion of his probation, and the district court didn't give him enough credit for those efforts. Ultimately, Alston essentially argues the district court's decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

Alston has engaged in criminal behavior over the course of most of his adult life. Even if that misconduct may be mitigated by mental health problems or continuing substance abuse, Alston has demonstrated little to no ability to do better, as these cases illustrate. Despite repeated opportunities to take advantage of the probation extended to him beginning in 2014, Alston couldn't or wouldn't comply with the most basic requirement of reporting to his probation officer. His underlying antisocial behaviors persisted, as shown by that chronic dereliction and his 2016 conviction for theft. Given all of that, we have no difficultly concluding many district courts would have sent Alston

3

to prison rather than handing him another opportunity so he could again simply string together missed appointments with his probation officer.

Affirmed.